UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EMPIRE ENGINEERING & CONSTRUCTION, INC., et al.,<br><br>Defendants. | Case No. 22-cv-03609-AMO<br><br>**ORDER GRANTING MOTION TO MODIFY JUDGMENT**<br><br>Re: Dkt. Nos. 55, 66 |

Before the Court is a motion to modify judgment (Dkt. No. 55) from Plaintiffs ("Operating Engineers"), including Operating Engineers Health and Welfare Trust Fund for Northern California. The matter is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-1(b); Fed. R. Civ. P. 78(b). Additionally, before the Court is pro se Defendant Clifton Burch's opposition papers and a request for levied funds. Dkt. No. 66. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **GRANTS** Operating Engineers's motion for the following reasons.

I.      **BACKGROUND**

        A.      **Factual Background**

        The relevant, well-pleaded factual allegations from the complaint are presented below. They are taken to be true because Defendants have defaulted. *See* Dkt. Nos. 15, 39, 42; *Fair Hous. of Marin*, 285 F.3d 899, 906 (9th Cir. 2002) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1997)).

        On September 1, 2011, on behalf of Empire Engineering & Construction, Inc., Defendant Clifton Burch entered into a construction agreement with Operating Engineers. Dkt. No. 1 ¶ 10.

From 2017 to 2020, Defendants did not permit an audit of their records as required by the negotiated Collective Bargaining Agreement. *Id.* ¶ 34. The Defendants also failed to make the bargained-for contributions to Operating Engineers's various plans for the months of September 2019, January 2020, March 2021, and April 2022. *Id.* ¶ 35. Defendants owe liquidated damages and interest on those months pursuant to the Collective Bargaining Agreement. *Id.* Defendants owe additional liquidated damages and interest on late payments made for the months of October 2018 through December 2018, June 2019, October 2019 through December 2019, February 2020 through March 2020, and May 2020 through February 2021. *Id.* ¶ 36. Around 2019, Defendant Burch Engineering took over the Empire Engineering & Construction, Inc., business and is the successor to Empire Engineering. *Id.* ¶¶ 40-43.

### B.    Procedural History

Operating Engineers began this suit on June 20, 2022, raising two causes of action: (1) successor liability and (2) liability for liquidated damages, failure to comply with audit, and failure to make employer contributions. Dkt. No. 1 at 10-11. On October 20, 2022, the Clerk of the Court entered a default against Defendants. Dkt. No. 15. On April 27, 2023, Magistrate Judge Spero entered his report and recommendation ("R&R") as to the Operating Engineers's motion for default judgment. Dkt. No. 33. In addition to recommending that the Court grant Operating Engineers's motion for default judgment, Judge Spero recommended: "The Court should also retain jurisdiction over this case so that once the audit is complete it may add to the Judgment any additional amounts found to be due upon presentation by Plaintiffs[.]" *Id.* at 15-16. Following reassignment to the undersigned and following expiration of the period for objections to the R&R, the Court adopted Judge Spero's R&R "in every respect" on July 19, 2023. Dkt. No. 39 at 1. The Court noted the absence of any objections to the R&R and granted Operating Engineers's motion for default judgment. *Id.* Additionally, the Court expressly retained jurisdiction "so that once the audit is complete it may add to the Judgment any additional amounts found to be due upon presentation by Plaintiffs of proof of those amounts and appropriate briefing." *Id.* The Court entered judgment against all Defendants on July 21, 2023. Dkt. No. 42.

United States District Court
Northern District of California

2

Operating Engineers filed the present motion on March 9, 2026, seeking to modify judgment to incorporate the findings of the audit. Dkt. No. 55. On April 20, 2026, unrepresented Defendant Clifton Burch filed a motion to extend time, noting that he had an appointment with the Justice and Diversity Center's Legal Help Center to obtain guidance regarding his self-representation in this case. Dkt. No. 60. Operating Engineers filed an opposition to Burch's extension request on April 24, 2026. Dkt. No. 62. The Court granted Burch's extension request on April 27, 2026. Dkt. No. 64. Burch then filed his opposition to Operating Engineers's motion to modify judgement on May 15, 2026. Dkt. No. 66. Burch's opposition purports to represent all Defendants in the present action but identifies that he is a pro se litigant. *Id.* Operating Engineers promptly filed a reply to Burch's opposition on May 22, 2026, highlighting that Burch cannot represent the Defendant corporations as a non-attorney and that he defaulted in this action. Dkt. No. 67.

## II.    DISCUSSION

Operating Engineers make a four-part request: (1) strike or disregard Burch's opposition to their motion to modify judgment; (2) disregard the declarations attached to Burch's opposition; (3) deny Burch's request for the return of levied funds; and (4) grant their motion to modify judgment in full. *See* Dkt. No. 67 at 8. The Court considers each request in turn.

### A.    Consideration of Filings by Clifton Burch

Burch filed an opposition to Operating Engineers's motion to modify judgment and a request for the return of levied funds. Dkt. No. 66. The exhibits attached to Burch's opposition included two declarations allegedly supporting the filing. *Id.* The Court first addresses Burch's attempts to represent the other Defendants in the action, then turns to the substance of his filings.

#### 1.    Burch May Not Represent Other Defendants Besides Himself

Clifton Burch attempts to represent all Defendants in this action. *See* Dkt. No. 66 at 1 ("Defendants EMPIRE ENGINEERING & CONSTRUCTION, INC., et al., hereby submit this Opposition to Plaintiffs' Motion to Modify Judgment and demand the immediate return of all funds levied in this matter."); Dkt. No. 60 at 12 ("Clifton J. Burch . . . Pro se"). However, it is a well-established rule that "[c]orporations and other unincorporated associations must appear in

United States District Court
Northern District of California

3

court through an attorney." *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994).

No counsel of record has appeared on behalf of any Defendant in this action, and by his own admission, Burch is a self-represented litigant. Dkt. No. 66. Insofar as Burch wishes to proceed self-represented, he may only represent himself, but not Defendants Empire Engineering & Construction, Inc., nor Burch Engineering. Accordingly, the Court disregards Burch's filings as improper to the extent that they are advanced on behalf of the Defendant corporations. *See Brite Smart Corp. v. Google, Inc.*, No.: 5:15-cv-03962-BLF, 2016 WL 1070667, at *2 (N.D. Cal. Mar. 18, 2016).

**2.     Defendants Cannot Participate Because They Have Not Set Aside Default Judgments Taken Against Them**

Even if Burch were able to represent the Defendant corporations in this matter, none of the Defendants retain the right to present arguments, evidence, or appear for proceedings unless and until they seek to set aside the default judgment entered against them. *See* Dkt. Nos. 15, 39, 42; *Maslic v. ISM Vuzem d.o.o.*, No. 21-cv-02556-BLF, 2025 WL 3114457, at *4 (N.D. Cal. Nov. 6, 2025).

While the Ninth Circuit has not expressly addressed a defendant's right to litigate motions following default judgment, the Court finds guidance in recent decisions from other trial courts. "[N]umerous district courts in this circuit have held that '[t]he Clerk of the Court's entry of default cuts off a defendant's right to appear in an action.'" *Maslic*, 2025 WL 3114457, at *3; *see also Verliant Energy, Inc. v. Barry*, No. 14-cv-02443-JST, 2015 WL 12990196, at *3 (N.D. Cal. Mar. 31, 2015); *Welter v. Hurt*, No. 2:23-cv-02627, 2024 WL 5372399, at *1 n.1 (C.D. Cal. Dec. 16, 2024); *Transamerica Life Ins. Co. v. Shubin*, No. 1:11-cv-01958-SKO, 2012 WL 5364645, at *2 (E.D. Cal. Oct. 31, 2012); *Great Am. Ins. Co. v. M.J. Menefee Const., Inc.*, No. F06-0392 AWI, 2006 WL 2522408, at *2 (E.D. Cal. Aug. 29, 2006). A "defendant's remedy if a defendant wants to set aside default and defend an action . . . is for the defendant to file a motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure." *Great Am. Ins. Co.*, 2006 WL 2522408 at *2; *Maslic*, 2025 WL 3114457 at *4. Where a defendant is in default and

United States District Court
Northern District of California

4

has not sought to set aside the judgment against them, they are not entitled to file opposition to the prevailing party's motion. *Maslic*, 2025 WL 3114457 at \*4.

Neither Burch nor the other Defendants have moved to vacate the judgment against them pursuant to Federal Rules of Civil Procedure 55(c) or 60(b). Accordingly, none of the Defendants have the right to oppose Operating Engineers's motion and in the absence of their own motion to set aside the existing judgment, the Court disregards Burch's opposition, the exhibits attached to it, and the request for the return of levied funds.

**B.    Operating Engineers's Motion to Modify Judgment**

On July 21, 2023, the Court entered a final judgment against Defendants and expressly retained jurisdiction over the matter so that Operating Engineers could request additional amounts due as revealed by the completion of the court-ordered audit. Dkt. No. 42. Upon completion of the audit, Operating Engineers promptly moved to modify the Court's judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and the Court's order. *Id.*; Dkt. No. 55.

A motion to amend judgment under Federal Rule of Civil Procedure 59(e) may be brought if: (a) there was clear error committed by the trier of fact or the decision was manifestly unjust, (b) there is newly available evidence, or (c) there was an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). A motion to amend judgment under Federal Rule of Civil Procedure 60(b) may be brought "upon a showing of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

Operating Engineers's motion, whether evaluated under Federal Rule of Civil Procedure 59(e) or 60(b) is premised on "newly discovered evidence." Dkt. No. 55 at 9. The Court first considers Operating Engineers's motion to modify the judgment based on that newly discovered evidence before considering Operating Engineers's requests for attorney's fees and costs.

United States District Court
Northern District of California

United States District Court
Northern District of California

### 1.    Additional Amounts Due

Operating Engineers advances that the court-ordered audit revealed information regarding additional amounts due which was previously unavailable because of Defendants' refusal to provide access to the necessary records.  *See* Dkt. No. 55.  Based on the audit completed by Operating Engineers's accounting firm, Miller Kaplan Arase LLP ("Miller Kaplan"), Operating Engineers seeks an additional $107,768.76, including additional attorney's fees and costs for bringing the present motion.  Dkt. No. 57 at 3 (declaration of Andrea Williams describing Miller Kaplan's audit); Dkt. No. 56 (declaration of Luz Mendoza describing request for attorney's fees and costs).  The audit revealed an employee and member of the union was not reported to the trust fund and was thus omitted from the prior calculation of judgment.  *See* Dkt. No. 57-1 ("Miller Kaplan's final audit report") at 2-4.

The Court finds that Operating Engineers has sufficiently evidenced that Defendants owe an additional $74,847.91, consisting of $35,790.44 in contribution underpayments, $7,158.09 in liquidated damages, $20,849.38 in interest on the contribution underpayments, and $11,050.00 in audit fees.  Dkt. No. 57 at 3.  Further, because this is newly available evidence, the judgment is properly modified under either Federal Rules of Civil Procedure of 59(e) or 60(b).

### 2.    Attorney's Fees

Operating Engineers request an additional $54,219.03 in attorney's fees and costs be included in this Court's modification of its final judgment.  Dkt. No. 56.  Because "[d]istrict courts have an independent duty 'to ensure that claims for attorneys' fees are reasonable,' and 'do[ ] not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the number of hours expended on the case[,]' " the Court evaluates the additional attorney's fees sought separately from the additional amounts due revealed by the audit.  *Maslic*, 2025 WL 3114457, at *4 (quoting *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018)).  Relevant here, ERISA Section 502(g)(2)(D) provides for the award of "reasonable attorney's fees and costs of the action to be paid for by the defendant[.]"  The Court calculates reasonable fees and costs using the lodestar method.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Vogel*, 893 F.3d at 1161.  The lodestar calculation requires examination of "the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The number of hours to be included in the lodestar calculation is based only on the amount of time "reasonably expended on the litigation" and excludes "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433-34. In support of its request for attorney's fees, Operating Engineers provides a sworn declaration by their counsel-of-record as to the additional attorney's fees and costs incurred. Dkt. No. 56. Operating Engineers seek fees for 145 hours expended by their counsel, Saltzman & Johnson Law Corporation. *Id.* This figure represents work performed by two attorneys, Matthew P. Minser, and Luz E. Mendoza, and the work of two paralegals, Alicia Wood, and Alicia Swarnicki. In support of this request, Operating Engineers submits 74 pages of contemporaneous records billing records. Dkt. Nos. 56, 56-1, 56-2. The Court is satisfied that the work performed by Saltzman & Johnson is adequately documented. Additionally, the Court is satisfied that the hours expended on the tasks identified by the billing records were reasonably incurred in pursuing claims against Defendants. Thus, the Court will award Operating Engineers attorney's fees based on the 145 hours expended by their counsel.

Having calculated the hours reasonably expended in litigation, this Court turns to evaluating whether the hourly rates requested are reasonable. The reasonable hourly rate is determined by "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stetson*, 465 U.S. 886, 895 n.11 (1984)). The relevant community is typically the forum in which the district court sits; in this case, the relevant community is the Northern District of California. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "A plaintiff may establish the market rates in the relevant community either by submitting a declaration of counsel, or by citing rate determinations in other cases." *Maslic*, 2025 WL 3114457 at *7 (citing *Moralez v. Monterey Plaza Hotel Ltd. P'ship*, No. 22-cv-07540-SK, 2025 WL 2469334, at *2 (N.D. Cal.

United States District Court
Northern District of California

Aug. 27, 2025); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Notably, this Court previously found an hourly rate of $450 reasonable for work performed by an attorney. *Zhou v. Chai*, No. 21-cv-06067-AMO (DMR), 2023 WL 3409460, at *11 (N.D. Cal. May 11, 2023). Other courts in this district found "billing rates for paralegals, law clerks, and litigation support staff range from about $190 to $430, with most in the $300 range[,]" to be reasonable. *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-02509-LHK, 2015 WL 5158730, at *9-10 (N.D. Cal. Sept. 2, 2015).

Here, Operating Engineers requests an hourly rate of $305 in 2023, $325 in 2024, $375 in 2025, and $400 in 2026, for Matthew P. Minser. *See* Dkt. No. 56 at 5. Operating Engineers requests an hourly rate of $285 in 2023, $300 in 2024, $350 from January 1, 2025 – July 1, 2025, $375 from August 1, 2025 – December 31, 2025, and $400 in 2026, for Luz E. Mendoza. *See id.* Operating Engineers requests an hourly rate of $175 in 2023, and $185 in 2024, for Alicia Wood. *Id.* at 5-6. Operating Engineers requests an hourly rate of $185 in 2024, $205 in 2025, and $225 in 2026, for Alicia Swarnicki. *Id.* at 6.

Operating Engineers requests a starting rate of $305/hour and $285/hour for Minser and Mendoza respectively, with customary increases over the course of the case. *See* Dkt. No. 56 at 5. The highest rate requested for paralegals, Alicia Wood and Alicia Swarnicki, is $185/hour and $225/hour, respectively. *See id.* at 5-6. Operating Engineers submitted a declaration by counsel attesting that the requested rates were reasonable. Dkt. No. 56 at 6. The Court finds that all of the rates requested are comfortably within the market rates for the relevant legal market and are thus reasonable.

Therefore, the Court finds that the lodestar for this case is $41,881.50, which represents the work performed by the attorneys and paralegals in this litigation.

### 3. Costs

Operating Engineers also seeks costs in the amount of $12,337.53 in their motion to modify judgment. Dkt. Nos. 55, 56. Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also Dawson v. City of*

*Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) ("Under Federal Rule of Civil Procedure 54(d), there is a presumption that the prevailing party will be awarded its taxable costs.").  Here, the costs incurred by counsel include fees for: service of process, legal research, investigation, mailing, and filing, and are supported by contemporaneous billing records.  Dkt. No. 56-3.  The Court credits the billing records and finds the $12,337.53 in costs incurred to be reasonable.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Operating Engineers's motion to modify judgment in full.  The Court calculates the modified judgment, fees, and costs as follows:

| | | |
|---|---|---|
| Judgment Amount: | $103,832.19 | |
| Levied funds collected to date: | ($40,389.55) | |
| Credit based on Estimated Contributions, Liquidated Damages, and Interest awarded in the Judgment (removed based on the completion of the Audit): | ($84,740.82) | |
| ***Adjusted Subtotal:*** | | **($21,298.18)** |
| | | |
| Amounts due on Audit (01/01/2018) – (12/31/2022): | | |
| Contribution Underpayments: | $35,790.44 | |
| Liquidated Damages: | $7,158.09 | |
| 10% Interest (through 01/07/2026): | $20,378.50 | |
| Additional Interest (01/08/2026 – 02/12/2026): | $470.88 | |
| Audit Fees | $11,050.00 | |
| ***Total amount due based on completed audit:*** | | **$74,847.91** |
| | | |
| Attorney's Fees (01/01/2023 – 01/31/2026): | $41,881.50 | |
| Costs (01/01/2023 – 01/31/2026): | $12,337.53 | |
| | | **$54,219.03** |
| ***TOTAL AMOUNT DUE:*** | | **$107,768.76** |

United States District Court
Northern District of California

Based on the preceding calculation, the Court awards Operating Engineers **$107,768.76** in attorney's fees, costs, and additional amounts due pursuant to the audit.

**IT IS SO ORDERED.**

Dated: July 13, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**