United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,

Plaintiffs,

v.

EMPIRE ENGINEERING & CONSTRUCTION, INC., et al.,

Defendants.

Case No. 22-cv-03609-AMO

**ORDER DENYING MOTION TO VACATE**

Re: Dkt. No. 73

Before the Court is Defendant Clifton James Burch's and Elethia Marie Gentry Burch's motion to vacate the amended judgment. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for October 8, 2026, is VACATED. *See* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **DENIES** the motion to vacate for the following reasons.

This Order assumes familiarity with the facts and procedural history of the case.

Rule 60(b) permits relief from a final judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, or a judgment based on an earlier judgment that has been reversed; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); *see* Dkt. No. 69 at 5 (reciting same six grounds in its July 13, 2026 order). A motion under Rule 60(b)(1)-(3) "shall be made not more than one year after the judgment, order, or proceeding was entered or taken," and this one-year period is not tolled merely because further proceedings follow. *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124 (9th Cir. 2022); *see also* Fed.

United States District Court
Northern District of California

R. Civ. P. 60(c). In *Trendsettah*, the Ninth Circuit held that a new one-year period can be triggered only where a subsequent ruling "substantially alter[s] the district court's judgment in a manner that disturbs or revises the previous, plainly settled legal rights and obligations of the parties." *Id.* at 1124 (quoting *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)).

Here, the Court granted Plaintiffs' motion for default judgment to incorporate the completed audit findings and issued judgment accordingly on July 21, 2023. Dkt. No. 42. The Court granted Plaintiffs' motion to amend judgment and entered the modified judgment on July 15, 2026. Dkt. No. 71. That modified judgment was not a new judgment and stated, "all other terms of the Court's July 21, 2023 Judgment not expressly modified herein remain in full force and effect." *Id.*

Defendants Clifton Burch and Elethia Marie Gentry Burch move to vacate the default judgment. Dkt. No. 73.[1] They expressly seek relief under Rule 60(b)(1), but the one-year deadline for seeking such relief expired. *See* Fed. R. Civ. P. 60(c). That period ran from the entry of the July 21, 2023 default judgment and expired on July 21, 2024. The modification of the judgment did not alter or revise the Court's earlier determination of liability, only the amount due, and it therefore did not restart the limitations period for Defendants to seek relief under Rule 60. The individual Defendants argue that their delay in seeking relief was the result of excusable neglect based on their ongoing discussions with Plaintiffs' auditor in February 2026. *See* Dkt. No. 73-1 ¶¶ 3-4. However, the default judgment they now seek to vacate was already set – it had been entered on July 21, 2023, over two years earlier. Defendants' excusable neglect argument accordingly fails as time-barred.

//

//

//

[1] The Court previously held that the individual Defendants could not represent the corporate Defendants because "[c]orporations and other unincorporated associations must appear in court through an attorney." Dkt. No. 69 at 3-4 (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994)). That ruling continues to apply.

United States District Court
Northern District of California

For the foregoing reasons, the Court **DENIES** Defendant Clifton Burch's and Defendant Elethia Marie Gentry Burch's motion to vacate default. The case remains closed.

**IT IS SO ORDERED.**

Dated: October 6, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**